**Lola OSBORNE and Khila Ward, Plaintiffs–Appellants,**

v.

**COUNTY OF RIVERSIDE, et. al., Defendants–Appellees.**

No. 08–55050.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2009.*

Filed April 24, 2009.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Federal Rules of Appellate Procedure 34(a)(2).

**614**

Howard L. Rasch, Esq., La Quintna, CA, for Plaintiffs–Appellants.

Bruce E. Disenhouse, Esq., Kinkle Rodiger & Spriggs, Riverside, CA, for Defendants–Appellees.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and MILLS,** District Judge.

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## MEMORANDUM ***

Appellants appeal from the district court's *sua sponte* grant of summary judgment at the final pretrial conference. Appellants do not address the merits of the decision or argue that material facts precluded judgment, but merely assert that reversal is required because of a lack of notice. Such notice, however, was given. Several weeks before entering judgment, the trial court specifically admonished the parties that it would determine, at the pretrial conference, "whether judgment for Defendants should be entered."

In any event, while explicit notice is strongly encouraged, it is not required so long as the appellants "had a full opportunity to present to the district court [their legal] theory and the facts supporting that theory." *Portsmouth Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869–70 (9th Cir.1985). Such an opportunity clearly existed here: (1) the issues relied upon by the district court had been repeatedly raised beforehand, (2) discovery was closed, (3) trial on those same issues was imminent, and (4) a hearing was held on the pertinent issues. *See id.* (finding a "full and fair opportunity" despite a lack of explicit notice where the determinative issue had been raised "[t]hroughout the course of [the] litigation," "discovery was complete at the time of the pretrial proceedings," and the court heard arguments on the issues at the pretrial conference.).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.